UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN R. EISENMAN,   CIVIL NO. 04-4568 JMR/AJB

    PLAINTIFF,

v.   REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR FEES UNDER
THE EQUAL ACCESS TO JUSTICE ACT

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    DEFENDANT.

---

Fay E. Fishman, Esq., from Peterson & Fishman, representing the plaintiff, John R. Eisenman

Lonnie F. Bryan, Esq., Assistant United States Attorney, representing the defendant, Commissioner of Social Security

---

**I.   INTRODUCTION**

This matter is before the court for a report and recommendation to the district court regarding plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA). [Docket No. 27.] *See* 28 U.S.C. § 2412(d). Plaintiff John R. Eisenman (Eisenman) requests attorney fees in the amount of $6,220.38.[1] The Commissioner of Social Security (Commissioner) opposes this request claiming that plaintiff's motion should be denied because the Commissioner's position was substantially justified.

---

[1] Eisenman initially requested fees in the amount of $5,786.40. (*See* Pl. Mem. at 1.) After the Commissioner filed its response opposing the request for fees, Eisenman submitted a reply and increased his request to cover the costs associated with preparing his reply brief. (*See* Pl. Reply at 4.)

1

## II. BACKGROUND

Eisenman brought this matter before the district court following the Commissioner's final decision granting him disability as of December 5, 2001, but finding him capable of performing a range of light work from his alleged onset date of September 3, 1999, through December 4, 2001. Following a *de novo* review of the record, United States District Court Chief Judge James M. Rosenbaum concluded that there was "no evidence whatsoever to support the finding that plaintiff was not disabled prior to December 5, 2001." (*See* November 22, 2005 Order, Docket No. 26. at 5.) Accordingly, the district court granted Eisenman's Motion for Summary Judgment, denied the Commissioner's Motion for Remand and ordered that the matter be remanded to the Commissioner only for the purpose of a determination of benefits. (*Id*. at 6.) Eisenman has now filed a motion seeking to collect attorney fees under the EAJA.

## III. DISCUSSION

Under the EAJA, a prevailing party in any civil action against the United States, including judicial review of an agency action, shall be awarded attorney fees. 28 U.S.C. § 2412(d)(1)(A). An award of attorney fees under the EAJA is unavailable, however, if the agency's actions were substantially justified or "special circumstances make an award unjust." *Id.* "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)) (internal quotation marks omitted). In this case, the burden is on the Commissioner to demonstrate that the denial of disability insurance benefits actions was substantially justified. *See Lauer v. Barnahrt*, 321 F.3d 762, 764 (8th Cir. 2003).

The Commissioner contends that Eisenman's motion should be denied because the Commissioner's denial was supported by undisputed facts and the Commissioner's position was substantially justified. (Def. Mem. at 3-4.) The Commissioner supports this argument with a recitation of facts that she feels supports her position denying Eisenman benefits prior to December 5, 2001. It is clear from the district court's order, however, that the Commissioner's position denying benefits for the time period prior to August 5, 2001, was not substantially justified. (*See* November 22, 2005 Order, Docket No. 26. at 5.) The district court emphasized that the Commissioner's position had *no* evidentiary support. (*Id.*) The court specifically stated that it had searched the record "in vain" for support of the ALJ's decision. (*Id.*) Thus, this court finds that, based on the findings and conclusions of the district court, the Commissioner's position had no reasonable basis in law or fact.

### III.  RECOMMENDATION

Accordingly, this court **recommends** that Eisenman's Petition for Attorney Fees [Docket No. 27] be **granted** and, attorney fees in the amount of $6,220.38 be awarded.

Dated: January 12, 2006

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge
